DISSENTING OPINION BY
President Judge PELLEGRINI.
Because the majority erroneously limits the application of Section 1113(b.l) of the Public School Code of 1949 (Code)[1] to instances where a teacher has been suspended as a result of the transfer of a program or class as a unit under Section 1113(a), I respectfully dissent.
Section 1113 of the Act provides, in pertinent part:
(a) When a program or class is transferred as a unit from one or more school entities to another school entity or entities, professional employes who were assigned to the class or program immediately prior to the transfer and are classified as teachers as defined in section 1141(1) and are suspended as a result of the transfer and who are properly certificated shall be offered employment in the program or class by the receiving entity or entities when services of a professional employe are needed to sustain the program or class transferred, as long as there is no suspended professional employe in the receiving entity who is properly certificat *429 ed to fill the position in the transferred class or program.
* 4* *
(b.l) Professional employes who are classified as teachers and who are not transferred with the classes to which they are assigned or who have received a formal notice of suspension shall form a pool of employes within the school entity. No new professional employe who is classified as a teacher shall be employed by a school entity assuming program responsibility for transferred students while there is:
(1) a properly certificated professional employe who is classified as a teacher suspended in the receiving entity; or if no person is qualified under clause (1), a properly certificated member of the school entity pool who is willing to accept employment with the school entity assuming program responsibility for transferred students. Members of the pool shall have the right to refuse employment offers from such school entity and remain in the pool....
24 P.S. § 11 — 1113(a), (b.l) (emphasis added).
As the majority notes, in Allegheny Intermediate Unit #3 Education Association v. North Hills School District, 155 Pa.CmwIth. 211, 624 A.2d 802, 804 (1993), this Court considered whether Section 1113(b.l) “requires receiving school districts to fill all teaching vacancies with properly certified suspended sending entity teachers from the pool, regardless of whether the vacancies are related to a class or program transfer....” (Emphasis in original). As we explained:
Unlike § 1113(a), subsection (b.l) does not limit its applicability to instances where the teachers are suspended “as a result of the transfer” and are needed “to sustain the program or class transferred.” By omitting these qualifications in subsection (b.l), the legislature indicated that it did not intend to limit the employment obligation of the receiving entity to positions related to the program or class transferred....
[[Image here]]
Moreover, were we to construe subsection (b.l) as the School Districts request, subsection (b.l) would have no meaning independent from the meaning of § 1113(a). Under § 1113(a), receiving entities are already obligated to hire any sending entity teachers who are suspended as a result of the transfer and whose services are needed to sustain the transferred, program or class. The School Districts’ interpretation of subsection (b.l) reduces it to surplus-age. ...
Id. at 805 (emphasis added).
Likewise, the majority’s interpretation of Section 1113(b.l) would result in it being mere surplusage and violates the rules of statutory construction. For purposes of Section 1113(b.l), the Chambersburg Area School District (CASD) and the Shippens-burg Area School District (SASD) assumed “program responsibility” of the Business Data Processing (BDP) program by absorbing the “transferred students” into their existing business classes whether or not the BDP program or the classes offered thereunder were “transferred as a unit” for purposes of Section 1113(a). As we explained in Allegheny Intermediate Unit, 624 A.2d at 805, “[ujnder § 1113(a), [CASD and SASD] are already obligated to hire any sending entity teachers who are suspended as a result of the transfer and whose services are needed to sustain the transferred program or class.... ” Because Section 1113(b.l) covers either professional employees “who are not transferred with the classes to which they are assigned” or those “who have received a *430 formal notice of suspension,” and because Cook was suspended as a result of the transfer of her students to CASD and SASD, she is entitled to be placed in the preferred hiring pool of employees in CASD and SASD.
Accordingly, unlike the majority, I would reverse the trial court and direct that Cook be placed in the preferred hiring pool established under Section 1113(b.l).

. Act of March 10, 1949, P.L. 30, added by the Act of February 4, 1982, P.L. 1, as amended, 24P.S. § 11 — 1113(b. 1).